# PKA Law

Paykin Krieg & Adams, LLP
10 Grand Central
155 East 44th Street, 6th Fl.
New York, NY 10017
Tel: (212) 725-4423

**David A. Schrader, Partner**
**Paykin Krieg & Adams, LLP**
**NY & NJ Bars**
**Email: dschrader@PKA-law.com**

December 24, 2020

ECF
Hon. John D. Cronin, U.S.D.J.
U.S. District Court, S.D.N.Y.
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

  Re: Gonzalez et al v. Penn Station Shoe Repair, Inc. et al
     Docket No. 20-cv-1222

Dear Judge Cronin:

  This law firm represents defendants Penn Station Shoe Repair, Inc. and Vadim Khaimov ("Defendants") in the above matter. We submit this letter motion to address plaintiffs' repeated failures to produce documents and request an informal conference, as well as leave to file a motion for discovery sanctions. We have conducted a meet and confer and have been unsuccessful in resolving this dispute.

  The Complaint [DN 1] in this matter asserts causes of action under the Fair Labor Standards Act and N.Y.S. labor laws and involves nine plaintiffs who worked as shoe shiners in Penn Station. The primary disputed issues of fact relate to (a) the number of hours worked by each plaintiff; (b) whether plaintiffs were employees or independent contractors; (c) the amount of compensation received by each plaintiff (including cash and tips); (d) whether plaintiffs had other



contemporaneous jobs; and (e) whether defendant is engaged in interstate commerce and has annual gross sales in excess of $500,000.

**<u>The Discovery Violations</u>**

This Court has entered a series of scheduling Orders governing discovery deadlines, including the Initial Case Management Plan of July 6, 2020 [DN 33}; an Order dated September 4, 2020 [DN 37]; and an Order dated November 13, 2020 [DN 48]  The end date for fact discovery is January 11, 2021 (which had been extended twice by the Court).

On July 31, 2020, defendants served a Notice to Produce.  Responses were due by September 1, 2020.  See Ex. A.  On September 1, 2020, plaintiff's counsel requested a 2-week extension.  Written responses to the Notice to Produce were received on September 23rd which promised to produce responsive documents by October 13, 2020.  On October 13th, no documents were forthcoming.  On October 19 and 20, emails were exchanged between counsel in which it was agreed that all documents would be produced by October 31st. See Ex. B. When documents were still not received from plaintiff's counsel, another email was sent to plaintiffs' counsel on November 2, 2020.  See. Ex. C.  On November 19, 2020, the parties submitted a Joint Status Report to the Court in which plaintiffs' counsel represented that all responsive documents would be produced no later than November 29, 2020 [DN 44].

On December 11, 2020, a court settlement conference was held which was unsuccessful. After the conference, a telephonic meet and confer was held with plaintiffs' counsel regarding the outstanding documents and to schedule depositions.  All discovery had to be completed by January 11th.  On this call – for the first time ever – plaintiffs' counsel advised "he believed" that none of the 9 plaintiffs had a single responsive document.  Mr. Aronauer was asked to confirm this

PKA Law

representation in writing under oath from the plaintiffs and Mr. Aronauer promised to do so the following week.  This was memorialized in an email dated December 11, 2020.  Se Ex. D.  On December 14th, a follow-up email was sent again requesting an immediate response as to whether any responsive documents existed.  See Ex. E.  No response to this email has ever been received.

Discovery is set to end on January 11, 2021 in two weeks.  Defendants have been seeking documents from the plaintiffs for many months and numerous extensions have been granted.  Throughout this period (or in the Joint Status Letter), plaintiffs' counsel has never once stated that there were no responsive documents.  This 11th hour claim is not credible -- particularly as to 9 plaintiffs. In fact, during the course of this proceeding, plaintiffs' counsel has orally stated that his clients have certain documents relating to work schedules and pictures.  Moreover, during plaintiffs' affiliation with defendant, plaintiffs received 1099/W-2 tax reporting statements.   The Notice to Produce requests documents relating to compensation (Request 2, 4); defendants' bank statement (to show deposits of money received) (Request 6); tax returns (Request 7); Form 1099 or W-2s (Requests 8-9); documents relating to unpaid compensation (Request 10); documents received from defendants during their employment (Request 13); records and notes of cash payments and tips received (Request 15, 21); (i) documents reflecting the number of days and hours worked (Request 22, 26); and others. The Discovery period is now almost over and no documents have been produced by the plaintiff. An order of dismissal is appropriate at this juncture.

                                         Respectfully Submitted,

                                         *David Schrader*

                                         David A. Schrader

cc: all counsel (ECF)