The Law Offices of Jacob Aronauer
225 Broadway, 3rd Floor
New York, New York 10007
(212) 323-6980
jaronauer@aronauerlaw.com

December 30, 2020

**Via ECF**
Hon. John D. Cronin
U.S. District Court
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007

      Re:    *Gonzalez et al. v. Penn Station Shoe Repair, Inc. et al.*
             20-cv-01222 (GWH)

Dear Judge Cronin:

This office represents Plaintiffs in the above captioned matter. This letter is in response to the discovery application served by Defendants' counsel on Christmas Eve, December 24, 2020. Prior to responding Defendants' counsel letter, I believe it is important to inform the Court a fact that Defendants' counsel intentionally omitted: over the past two months the parties had been trying to resuscitate a settlement that was on life support. As the patient has died, Defendants' counsel now tries to portray this office with malicious intent.

Since approximately early to mid-October, the parties made a concerted effort to resolve this matter. Consistent with their efforts, on or about October 30, 2020 the parties reached a settlement in principle. A copy of relevant e-mail correspondence is annexed as Exhibit A. The settlement, though, fell apart. In this settlement, in an effort to resolve this matter, this office was not going to receive any attorney fees or reimbursement of expenses. In an effort to keep litigation costs down, the parties did not continue to litigate the matter because on December 11, 2020 the parties had a settlement conference with Judge Gorenstein. *See* dkt 46. The settlement conference was likewise unsuccessful.

The fact that the parties had spent a great deal of time and energy toward settlement should have been addressed in Defendants' application to the Court. I consider it to be a material omission.

Defendants claim that the matter should be dismissed because Plaintiffs have failed to produce to Defendants documentation pertaining to Plaintiffs' work schedule and hours. Defendants also fail to bring to the Court's attention that they themselves have no

documentation pertaining to the hours and time records of Plaintiffs. Annexed as Exhibit B please find the relevant portion of Defendants' paper discovery responses (please note that Defendants' response to request No. 20 and 21 for Mr. Gonzalez was the same for all Plaintiffs). As the Court is aware, it is the burden of the employer to keep pay and time records of their employees. *Gomez v. El Rancho De Andres Carne De Tres Inc.*, 2014 U.S. Dist. LEXIS 45580 (E.D.N.Y. March 11, 2014).The reality is that there is a lack of documentation is because Defendants failed to comply with the law.

Defendants likewise claim that they have no text messages or e-mail pertaining to this lawsuit. It is clear, as reflected in Exhibit C, that Defendants did regularly text message with Plaintiffs. Defendants, though, incorrectly claim that they are no in possession of any such documentation (at a minimum the request for these documents was covered in Plaintiffs' doc. Request 6,14 and 15 which are annexed to Exhibit C. In addition, Plaintiffs asked for documentation pertaining to each individual Plaintiff). At best Defendants failed to conduct a thorough search and at worst they intentionally withheld documents.

Defendants request Plaintiff's bank records, tax records and other documentation related to Plaintiff's immigration status. It is well settled, though, that in cases brought under the Fair Labor Standards Act, an employee tax and records and generally speaking anything relating to their immigration status is not discoverable. *See Rosas v. Alice's Tea Cup, LLC*, 127 F. Supp.3d 4 (2015). Defendants request for Plaintiffs' bank records is likewise an attempt to intimidate Plaintiffs based on their immigration status. Defendants paid Plaintiffs in cash and many, if not all of the clients, primarily pay their bills in cash. A view of Plaintiffs' bank records will not shed light on the matter in which Defendants paid Plaintiffs.

I acknowledge that Plaintiffs response to Defendants request for admissions is past due. As discussed above, for at least the past few months, the parties have focused their efforts on resolving this matter. I request that the Court permit this matter be decided on the merits. Under Federal Rule 36(a) the Court has the power to permit a party to withdraw their request for admissions and maintaining the action. Defendants request for admissions are annexed as Exhibit D. As reflected in the request for admissions, if Plaintiffs are not permitted an extension to answer them, the case may potentially be decided on the merits. I request an extension to have until January 21, 2021 to file a response to Defendants' request for admissions. I beg of the Court not to permit my errors as counsel have a negative impact on my clients.

The parties agreed to postpone depositions because of their focus to settlement this matter. *See* Exhibit E. Plaintiffs would like to have the opportunity to depose the individual Defendant and Defendants' attorney. Accordingly, Plaintiffs request that discovery be extended until February 16, 2021. This is the third extension request and will be the last because it is clear that the parties cannot resolve this matter

Finally, on December 30, 2020 this office provided all documents in their possession to Defendants' counsel. As discussed above, many of the documents that Plaintiffs provided to Defendants should be in Defendants' possession. Defendants,

though, failed to produce such documentation.  Plaintiffs' counsel is not withholding any documents from Defendants.

For the reasons discussed, Defendants' motion should be denied in entirety and Plaintiffs' discovery extension should be granted so that the case is heard on the merits.

Respectfully,

_/s Jacob Aronauer_
Jacob Aronauer
*Attorney for Plaintiff*

cc: **Via ECF**
   *All attorneys on record*

**EXHIBIT A**

 Gmail

Jacob Aronauer <jaronauer@aronauerlaw.com>

## Gonzalez v. Penn Station - Draft Settlement Agreement

**David Schrader** <DSchrader@pka-law.com>                                Fri, Oct 30, 2020 at 2:04 PM
To: Jacob Aronauer <jaronauer@aronauerlaw.com>

Jacob

Attached please find a draft settlement agreement for your review.

Best

David A. Schrader
Paykin Krieg & Adams, LLP
Cell (347) 879-2345

dschrader@PKA-law.com

---

📄 **Settlement Agreement v2.docx**
36K

**EXHIBIT B**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------X

JOSEFINA GONZALEZ,
EDGAR FERNANDO VELICELA,
EDGAR PATRICIO VELICELA,
JOHN JAIRO VELICELA,
MARCO TULIO SALDANHA,
JOSE ARMANDO SAMBULA,                                     20-cv-01222-GHW
JOSE GINO DESOUZA,
EDUARDO FERNANDO MACANCELA
CHEDRAUI, and VICTOR MANUEL
DISLA, on behalf of themselves and others
similarly situated,

                                                  Plaintiffs,

     -against-

PENN STATION                                      Defendants.
SHOE REPAIR, INC., d/b/a
DRAGO SHOE REPAIR, and
VADIM KHAIMOV, individually,

-------------------------------------------------------------------------X

## DEFENDANTS' RESPONSE TO PLAINTIFFS' FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS

       Defendants Penn Station Shoe Repair, Inc. ("Penn Station") and Vadim Khaimov

("Khaimov") (collectively "Defendants"), by and through their counsel, respond to Plaintiffs'

Requests for the Production of Documents to Defendants ("Requests") as follows:

### GENERAL RESPONSES

     I.    Defendants respond to the document requests subject to the accompanying

general objections, without waiving, and expressly preserving all such objections.

Defendants also submit these responses subject to, without intending to waive, and expressly

preserving: (a) any objection as to the competency, relevancy, materiality, privilege and

**Request No. 19**

All documents showing the compensation paid to Gonzalez by Penn Station Shoe Repair, including but not limited to payroll records, payroll registers, paystubs, paychecks, receipts, and ledgers.

**Response No. 19**

Defendants will produce all such documents in their possession.  Defendants do not have possession of documents relating to tips received by this employee directly from customers.

**Request No. 20**

All documents, including but not limited to weekly schedules, concerning when and/or for how much time Gonzalez was scheduled to work at Penn Station Shoe Repair.

**Response No. 20**

None

**Request No. 21**

All documents reflecting Gonzalez's time of arrival and time of departure from work each day at Penn Station Shoe Repair.

**Response No. 21**

None.

**Request No. 22**

All notices provided to Gonzalez pursuant to New York Labor Law Section 195.

**Response No. 22**

Defendants object to this request in that it incorrectly presumes that plaintiffs were employees.  No such notice was required to be provided to plaintiff.

**Request No. 23**

All documentation pertaining to the tips that Gonzalez earned.

**EXHIBIT C**

Marco, you mention that your lawer only will be responsible but not you for legal fees that I paid to my attorney. All of you including others plaintiffs will be responsible for submitting intentionally fraudulent claim.

You told me that your lawer will collect one of the third of money.

I will file complaint about your lawyers in court.

Marco, if you continue demand $2,000 ,

# Penn station shoe repair, inc



June 18, 2020  9:33 PM

vadim khaimov                    **Details**

---

Marco,

It was nice talking to you. You asked me for $2000 over the phone , you sent text to me $2000 so you can move out from case.

Marco, you admitted that you never worked 5 days per week from 7am till <u>6 pm</u>, and you never filled and signed

< **Vadim Khaimov**
+19172399048   

 Marco, what is your email address.

6:24 PM

marcotuliosaldanha@hotmail.com

6:25 PM

$ 2,000.00 was my answer to your question about how much I was earning per month on tips shining shoes.

11:11 PM

From now on, I won't answer your call anymore. Any information you need about me, please call my lawyer. Good evening !

11:14 PM

< **Vadim Khaimov**
+19172399048

  

> From now on, I won't answer your call anymore. Any information you need about me, please call my lawyer. Good evening !

11:14 PM



Marco, you said you want $2000 to settle. I did send email to you with my offer.

11:17 PM

> You're a liar. I asked for a free day to appear in court in the north of N.Y to answer for an old transit ticket. Wilson even authorized me and I have the document with the date to prove it. I never went to Brazil or was absent for a week.

11:27 PM

**Request No. 4**

Defendants' human resource manual(s), employee handbook(s), personnel policies, and personnel procedures that reflect, refer or relate in any way to payment of wages, the Fair Labor Standards Act, and/or Defendants' overtime policies or procedures.

**Response No. 4**

None.

**Request No. 5**

All documents Defendants will rely upon in support of any of Defendants' affirmative defenses.

**Response No. 5**

Defendants object to this request in that it purports to seek trial strategy material and/or information as to documents to be utilized at the time of trial. This information is not discoverable at this time and is more properly the subject of a pre-trial order at the conclusion of discovery.

**Request No. 6**

Identify and produce all communications, whether written, electronic, or oral, between any Defendant or agents of Defendants concerning the number of hours that Class Members were required to work in a work week.

**Response No. 6**

None.

**Request No. 7**

All documents reflecting, referring or relating to overtime wages paid to any class member.

**Response No. 7**

Defendants object to this request in that (a) defendants were not employees; and (b) defendants did not work overtime hours in the course of their employment. As such, there are no responsive documents.

4

**Request No. 14**

All documents reflecting Class Members' time of arrival and time of departure from work each day at Penn Station Shoe Repair.

**Response No. 14**

None.

**Request No. 15**

All communications between any Defendants relating to the wages to be paid to the Class Members.

**Response No. 15**

None.

**Request No. 16**

All communications between any Defendants relating to the money to be paid to the Class Members.

**Response No. 16**

None.

**Request No. 17**

Gonzalez's complete personnel file, including but not limited to, applications for employment, hire forms, complaints, comments, write-ups, reprimands, disciplinary action (whether formal or informal), employee handbooks, and/or training materials. This request is not limited to documents from the Relevant Time Period but rather seeks all responsive documents from any time period.

**Response No. 17**

None.

**Request No. 18**

All of Gonzalez's 1099 and/or W-2 forms.

**Response No. 18**

Defendants will produce all such documents in their possession.

**Response No. 48**

 See Response No. 24

**Request No. 49**

 Saldanha's complete personnel file, including but not limited to, applications for employment, hire forms, complaints, comments, write-ups, reprimands, disciplinary action (whether formal or informal), employee handbooks, and/or training materials. This request is not limited to documents from the Relevant Time Period but rather seeks all responsive documents from any time period.

**Response No. 49**

 See Response No. 17

**Request No. 50**

 All of Saldanha's 1099 and/or W-2 forms.

**Response No. 50**

 See Response No. 18

**Request No. 51**

 All documents showing the compensation paid to Saldanha by Penn Station Shoe Repair, including but not limited to payroll records, payroll registers, paystubs, paychecks, receipts, and ledgers.

**Response No. 51**

 See Response No. 19

**Request No. 52**

 All documents, including but not limited to weekly schedules, concerning when and/or for how much time Saldanha was scheduled to work at Penn Station Shoe Repair.

**Response No. 52**

 See Response No. 20

**Request No. 53**

 All documents reflecting Saldanha's time of arrival and time of departure from work each day at Penn Station Shoe Repair.

**Response No. 53**

See Response No. 21

**Request No. 54**

All notices provided to Saldanha pursuant to New York Labor Law Section 195.

**Response No. 54**

See Response No. 22

**Request No. 55**

All documentation pertaining to the tips that Saldanha earned.

**Response No. 55**

See Response No. 23

**Request No. 56**

All documentation pertaining to Saldanha's termination from Penn Station Shoe Repair.

**Response No. 56**

See Response No. 24

**Request No. 57**

Sambula's complete personnel file, including but not limited to, applications for employment, hire forms, complaints, comments, write-ups, reprimands, disciplinary action (whether formal or informal), employee handbooks, and/or training materials. This request is not limited to documents from the Relevant Time Period but rather seeks all responsive documents from any time period.

**Response No. 57**

See Response No. 17

**Request No. 58**

All of Sambula's 1099 and/or W-2 forms.

**EXHIBIT D**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
JOSEFINA GONZALEZ, EDGAR FERNANDO
VELICELA, EDGAR PATRICIO VELICELA, JOHN                    Case No. 20-cv-1222 (GHW)
JAIRO VELICELA, MARCO TULIO SALDANHA,
JOSE ARMANDO SAMBULA, JOSE GINO DESOUZA,
EDUARDO FERNANDO MACANCELA CHEDRAUI
and VICTOR MANUEL DISLA,

                                        Plaintiffs,

                    -against-

PENN STATION SHOE REPAIR, INC. d/b/a
DRAGO SHOE REPAIR and VADIM KHAIMOV,

                                        Defendants.
-------------------------------------------------------------------------X

## DEFENDANTS' NOTICE TO ADMIT TO PLAINTIFFS

Pursuant to the Federal Rules of Civil Procedure, defendants Penn Station Shoe Repair, Inc.

("Penn Station") and Vadim Khaimov ("Khaimov") hereby request that **each** individual plaintiff respond

to these Requests for Admission separately, in writing, and under oath. within thirty (30) days of service

of these Requests for Admission. For each request that is denied, or is otherwise not admitted without

qualification, Plaintiff is to set forth in detail the reason for each such denial or qualification.

## DEFINITIONS

1.      The terms "communication," "document," "identify," "plaintiff," "defendant," "person,"

"concerning," shall be defined as those terms are defined in Local Civil Rule 26.3(c).

2.      The term "electronically stored information" shall be defined as that term is defined in

Rule 34 of the Federal Rules of Civil Procedure.

3.      The terms "all/each" and "and/or" shall be construed as set forth in Local Civil Rule

26.3(d).

4.      The use of the singular form of any word includes the use of the plural and vice versa.

5.     These definitions shall not be construed to narrow the scope of discovery permitted by the Federal Rules of Civil Procedure.

6.     Electronically stored information should be produced in electronic form, which is both scannable and readable.

7.     The term "Gonzalez" shall mean Plaintiff Josefina Gonzalez.

8.     The term "E.F. Velicela" shall mean Plaintiff Edgar Fernando Velicela.

9.     The term "E.P. Velicela" shall mean Plaintiff Edgar Patricio Velicela.

10.     The term "J.J. Velicela" shall mean Plaintiff John Jairo Velicela.

11.     The term "Saldanha" shall mean Plaintiff Marco Tulio Saldanha.

12.     The term "Sambula" shall mean Plaintiff Jose Armando Sambula.

13.     The term "DeSouza" shall mean Plaintiff Jose Gino DeSouza.

14.     The term "Macancela" shall mean Plaintiff Eduardo Fernando Macancela Chedraui.

15.     The term "Disla" shall mean Plaintiff Victor Manuel Disla.

16.     The term "Action" refers to the matter 20-cv-01222-GHW

17.     The term "Relevant Period" refers to the time period from November 1, 2018 through the date of this Request to Admit.

18.     The term "on average" means usually; typically.

## INSTRUCTIONS

1.     Each matter is admitted unless, within 30 days after service of this Request, each individual Plaintiff serves a written answer or objection addressed to the matter, signed by such Plaintiff.

2.     If objection is made, the reasons therefore shall be stated.  The answer shall specifically deny the matter or set forth in detail the reasons why Plaintiff cannot truthfully admit or deny the matter. A denial shall fairly meet the substance or the requested admission, and when good faith requires that

Plaintiff qualify an answer or deny only a part of the matter of which an admission is requested, it shall specify so much of it as is true and qualify or deny the remainder.

3.      Plaintiff may not give lack of information or knowledge as a reason for failure to admit or deny unless it states that it has made reasonable inquiry and that information known or readily obtainable by it is insufficient to enable it to admit or deny.

4.      If Plaintiffs do not admit an item, they shall:

a.      Produce to Defendants all documents concerning the requested admission in its possession, custody or control;

b.      State, with particularity, the factual basis upon which its response is based; and

c.      Identify each and every person with knowledge of the requested admission.

5.      These requests for admission are continuing. Plaintiffs shall promptly supply by way of supplemental responses any and all additional information that may become known prior to any hearing in or trial of this action.

## REQUESTS FOR ADMISSIONS TO EACH PLAINTIFF

1.      Plaintiff admits that they worked less than 40 hours per week at the location of Penn Station.

2.      Plaintiff admits that he was permitted to set his own hours for work at Penn Station.

3.      Plaintiff admits that he could take as many vacation or sick days as he wished.

4.      Plaintiff admits that he paid for his own shoe shine supplies and that he owned such supplies.

5.      Plaintiff admits that he was permitted to take a lunch break each day that he worked at Penn Station.

6.      Plaintiff admits that he took a lunch break during his work day while working at Penn Station.

3

7.     Plaintiff admits that he had other jobs and/or worked at other locations in addition to Penn Station during the Relevant Period.

8.     Plaintiff admits that he was an independent contractor while working at Penn Station.

9.     Plaintiff admits that he received tips from customers at Penn Station which he kept for himself and did not share.

10.     Plaintiff admits that he received payment from Penn Station plus and directly from customers, which combined, totaled in excess of the minimum wage during the Relevant Period.

11.     Plaintiff admits that he did not work more than 40 yours per week at Penn Station.

12.     Plaintiff admits that he did not work at Penn Station while it was owned by Khaimov outside of the time period of November 1, 2018 until January 22, 2020.

13.     Plaintiff admits that there was not a fixed schedule for hours that he was required to work at Penn Station.

14.     Plaintiff admits that to the extent he worked more than 40 hours in a week, he earned money equal to time and a half of the minimum wage for hours worked in excess of 40 hours a week.

15.     Plaintiff admits that they earned in excess $600 per week while working at Penn Station (including any money paid by Penn Station and tips or other money paid to them by customers).

16.     Plaintiff admits that they earned additional money at Penn Station because Khaimov allowed them to sell their own goods that they brought with them to sell to customers of Penn Station.

17.     Plaintiff admits that he received cash from Defendants in connection with his working at Penn Station.

18.     Plaintiff admits that he received, on average, in excess of $300 per week in cash from Defendants in connection with his working at Penn Station.

19.     Plaintiff admits that he received, on average, in excess of $500 per week in cash from Defendants in connection with his working at Penn Station.

4

20.     Plaintiff admits that he received, on average, in excess of $800 per week in cash from Defendants in connection with his working at Penn Station.

21.     Plaintiff admits that he earned tips directly from customers at Penn Station in excess of $300 per week.

22.     Plaintiff admits that he earned tips directly from customers at Penn Station in excess of $500 per week.

23.     Plaintiff admits that, on average, he shined shoes of in excess of 25 customers per day.

24.     Plaintiff admits that, on average, he shined shoes of in excess of 35 customers per day

25.     Plaintiff admits that, on average, he shined shoes of in excess of 50 customers per day.

26.     Plaintiff admits that they understood that they would be required to pay taxes on income that they earned and that tax money was not being withheld by Penn Station.

27.     Plaintiff admits that they understood that they would be required to pay taxes on income that they earned at Penn Station.

28.     Plaintiff admits that they failed to file tax returns during the Relevant Period.

29.     Plaintiff admits that if they had filed tax returns it would have reflected their earnings.

Dated: New York, New York
       September 29, 2020

                                        Paykin Krieg & Adams, LLP
                                        Attorneys for Defendant Penn Station Shoe Repair,
                                          Inc. and Vadim Khaimov


                              By: *David Schrader*
                                        David A. Schrader, Esq.
                                        10 Grand Central
                                        155 East 44th Street, 6th Floor
                                        New York, New York 10017
                                        Tel: (347) 879-2345
                                        dschrader@pka-law.com

To:     Jacob Aronauer, Esq.
        The Law Offices of Jacob Aronauer
        225 Broadway, 3rd Floor
        New York, New York 10007

                                          5

**EXHIBIT E**

 Gmail

Jacob Aronauer <jaronauer@aronauerlaw.com>

## Penn Station

**David Schrader** <DSchrader@pka-law.com>    Mon, Nov 16, 2020 at 1:07 PM
To: Jacob Aronauer <jaronauer@aronauerlaw.com>

Jacob

This will confirm our telephone call of a few minutes ago in which you confirmed that the accountant's deposition is being adjourned until after the settlement conference. I have asked Vadim Khaimov to notify the accountant.

Best

David A. Schrader
Paykin Krieg & Adams, LLP
Cell (347) 879-2345

dschrader@PKA-law.com