

Paykin Krieg & Adams, LLP
10 Grand Central
155 East 44th Street, 6th Fl.
New York, NY 10017
Tel: (212) 725-4423

**David A. Schrader, Partner**
**Paykin Krieg & Adams, LLP**
**NY & NJ Bars**
**Email: dschrader@PKA-law.com**

January 22, 2021

ECF
Hon. John D. Cronin, U.S.D.J.
U.S. District Court, S.D.N.Y.
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

Re:    Gonzalez et al v. Penn Station Shoe Repair, Inc. et al
       Docket No. 20-cv-1222

Dear Judge Cronin:

This law firm represents defendants Penn Station Shoe Repair, Inc. ("Penn Station") and Vadim Khaimov ("Khaimov") (collectively "Defendants") in the above matter. We are in receipt of a request of a letter by plaintiffs' attorney Jacob Aronauer requesting a conference to discuss his request for leave to dismiss his Federal claims with prejudice and for dismissal of pending state law claims without prejudice. We are open to a discussion of the dismissal of this action but do not consent to dismissal on the terms proposed.

As a threshold matter, from the very outset of this case, we informed Mr. Aronauer that his Fair Labor Standards Act ("FLSA") claims did not meet the threshold of $500,000 in gross sales required under the statute. We provided Mr. Aronauer a copy of the tax returns from Penn Station Shoe Repair which showed gross sales of approximately $210,000 over an 11 months period. The defendant store was a shoeshine stand that only operated for 15 months - and did not make substantial income. We also informed Mr. Aronauer that there was no interstate commerce involved in the shoeshine stand business – another FLSA requirement. In fact, in June 2020, we filed a letter motion to Judge Woods requesting permission to file a Rule 11 sanctions motion when Mr. Aronauer would not withdraw the Complaint after being provided with tax returns showing gross income of only $210,000. [DN 26] At a conference with the Court, we agreed to withdraw the Rule 11 sanctions motion request without prejudice pending the completion of discovery. We have now spent another 7 months litigating the case.

1



Above and beyond this threshold issue, it is also our perception that Mr. Aronauer seeks to dismiss this case because he has extensive discovery problems and wants a "reset" to attempt to relitigate his case.  Among these issues:

(a) plaintiffs failed to timely respond to a Notice to Admit that was served upon them on August 14, 2020.  Defendants have relied upon the Admissions in preparing their defense of the case.  Mr. Aronauer seeks to rid his clients of these Admissions by starting this case over again in state court and has requested a stipulation to allow him to serve a late response – which has been rejected by defendants.  Mr. Aronauer has known about his failure to respond to the Notice to Admit for almost 5 months, throughout the entire discovery process.

(b) Although Mr. Aronauer has not notified either my office or the Court, it appears that several of the plaintiffs may no longer be cooperating with Mr. Aronauer.

(i) This past week, Khaimov received a call from the sister of plaintiff Josephine Gonzales (the sister's name is Jenny).  Jenny advised Khaimov that Josephine Gonzalez notified Jacob Aronauer in December 2020 that she had withdrawn her claim in this matter.  While this office has no personal knowledge of the veracity of this matter, it posses a serious ethical problem if this representation has been revoked and Mr. Aronauer has failed to notify the Court and adverse parties.

(ii) It is also our understanding that plaintiff Eduardo Fernando Macancela permanently moved to Ecuador on December 24, 2020.  Mr. Macancela's deposition has been noticed to take place in February.  We are unsure whether he will be appearing.

As a final issue for the Court's attention, my clients do not have the financial means or desire to relitigate this case over again in state court.  Defendant Vadim Khaimov purchased Penn Station in an asset purchase transaction on or about October 25, 2018 from its prior owner who had operated the store for many years. In its first 11 months of operations, the store's tax returns showed gross income of approximately $210,000 with a net income of less than $15,000. Khaimov operated the store until February 20, 2020 when he sold the business in an asset sale for approximately $14,000. Even after Khaimov sold the store, it essentially ceased operations due to the COVID pandemic. In total, Khaimov operated the store for approximately 15 months and earned less than the amount of his initial investment.  Plaintiff is suing defendants with no assets and Khaimov used up his life savings to pay a very small retainer for my retention.  Over the course of this proceeding, my firm has run up an extensive bill beyond the meager retainer which was received for which it is doubtful we will ever be compensated.  Mr. Khaimov does not have financial resources to commence this litigation over again from the start in another forum.



The proposal that is made to the Court in Mr. Aronauer's letter was made to me orally about 2 weeks ago and was discussed with my client and rejected.  While we are willing to conduct a conference to discuss this matter, my client would only consent to the dismissal of this action on the following terms:

A.  Either the dismissal of this action in entirety with prejudice;

-or alternatively-

B.  The dismissal of all Federal claims with prejudice; and
a.  the payment from plaintiff to defendants of all attorneys' fees incurred by defendants in defending this action; and
b.  a stipulation that the statute of limitations has not been tolled during the pendency of this action; and
c.  a stipulation that the admissions contained in the Notice to Admit served by defendants and which have not been responded to by plaintiffs shall remain in full effect in any future subsequent action; and
d.  a stipulation that discovery is deemed completed other than depositions which would be taken in any new action filed.

Respectfully Submitted,

*David Schrader*

David A. Schrader

cc: all counsel (ECF)