The Law Offices of Jacob Aronauer
225 Broadway, 3rd Floor
New York, New York 10007
(212) 323-6980
jaronauer@aronauerlaw.com

January 21, 2021

**<u>Via ECF</u>**
Hon. John P. Cronan
U.S. District Court
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007

   Re: *Gonzalez et al. v. Penn Station Shoe Repair, Inc. et al.*
     20-cv-01222 (JPC)

Dear Judge Cronan:

  This office represents Plaintiffs in the above captioned matter. Plaintiffs request permission to move to withdraw this action with prejudice with respect to Plaintiffs' claims under the Fair Labor Standards Act ("FLSA") while dismissing his claims under the New York Labor Law ("NYLL") without prejudice. Defendants' oppose Plaintiffs' request.

  As the Court is aware, in order to bring a lawsuit under the FLSA, the corporate Defendant must have gross sales of $500,000 or more and, in addition, engage in interstate commerce. Defendants have provided this office with tax returns which demonstrate that the corporate defendant Penn Station Shoe Repair, Inc. did not gross more than $500,000 a year. To be transparent, I do have concerns about whether the tax return are accurate but due to the minimal amount listed in the tax returns, I do not believe it would be a prudent use of my clients' resources to pursue this argument. Furthermore, I have concerns as to whether Defendants engaged in interstate commerce. Defendants have stated to me on multiple occasions that they do not believe Plaintiffs have a basis for Federal jurisdiction and will make a motion for summary judgment on those grounds at the conclusion of discovery. Thus, it seems prudent for Plaintiffs to dismiss this case and re-file in New York County. *See Liu v. Da Di Chinese Food, Inc., et al.*, 2018 U.S. Dist. LEXIS 20361, at * 7-18 (E.D.N.Y. Feb. 6, 2018) (Court dismissing the lawsuit with respect to the FLSA claims due to the $500,000 threshold but dismissing the claims under the NYLL without prejudice).

  Regrettably, Defendants appear to have a 'heads I win, tails you lose' approach to this issue. While Defendants have stated to Plaintiff's counsel ad nauseum that they will move for summary judgment at the close of discovery because they believe that there is no

basis for Federal Jurisdiction for the reasons described above, Defendants also oppose my request to dismiss this lawsuit without prejudice as it relates to Plaintiffs' claims under the NYLL.  Defendants have stated that they will only consent to this matter being withdrawn with prejudice for all of Plaintiffs' causes of action.  Thus, Defendants are essentially requiring me to either litigate an issue that both sides ultimately believe Defendants will prevail (and thus be forced to ultimately re-file in state court) or, in the alternative, drop this lawsuit with prejudice.

The proposals provided by Defendants prevent my clients from obtaining justice. Whether there is jurisdiction under the FLSA does not change the fact that my clients have viable claims for unpaid wages under the NYLL.  As Your Honor is aware, the judges in the Southern District have a full caseload.  There is simply no reason why the Court should be troubled with a matter where there is no basis for Federal Jurisdiction.

Respectfully,

*/s Jacob Aronauer*
Jacob Aronauer
*Attorney for Plaintiffs*

cc: **Via ECF**
    *All attorneys on record*

Plaintiffs' request for a conference is GRANTED.  Counsel for all parties shall appear before the undersigned on January 29, 2021 at 11:00 a.m.  The Court will conduct the conference by teleconference.  At the scheduled time, counsel for all parties should call (866) 434-5269, access code 9176261.

In the event that the parties do not agree to stipulate to voluntary dismissal, the parties shall be prepared to discuss what relief the Court could order here, including whether attorneys' fees are available, and any authority supporting the granting of such relief.

SO ORDERED.

Date: January 25, 2021
    New York, New York

_____
JOHN P. CRONAN
United States District Judge

2