UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
:
JOSEFINA GONZALEZ *et al.*, :
:
                Plaintiffs, :
:   20 Civ. 1222 (JPC)
       -v- :
:   MEMORANDUM AND
PENN STATION SHOE REPAIR, INC. *et al.*, :   ORDER
:
                Defendants. :
:
-----------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

    Plaintiffs commenced this action against Defendants on February 12, 2020, alleging violations of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). Dkt. 1. Before the Court is Plaintiffs' motion to extend time *nunc pro tunc* for Plaintiffs to respond to Defendants' requests for admission (the "RFAs"). Dkt. 57. Defendants opposed the motion, Dkt. 58, and Plaintiffs have replied, Dkt. 61. For reasons that follow, the Court grants in part and denies in part Plaintiffs' motion.

    Defendants served Plaintiffs with the RFAs on September 29, 2020. Dkt. 57 ("Aronauer Decl.") ¶ 4, Exh. A. Plaintiffs failed to respond to the RFAs within thirty days. Dkt. 58 ("Schrader Decl.") ¶ 15.g; *see* Fed. R. Civ. P. 36(a)(3). Plaintiffs' counsel justifies his clients' failure to respond because "each Plaintiff had to be spoken to at length to review the request for admissions" and since "the parties had a scheduled settlement conference," he "did not believe it would be a prudent use of resources to respond to the [requests for admission]." Aronauer Decl. ¶ 12. After settlement discussions failed,[1] and on December 11, 2020, Plaintiffs' counsel "asked Defendants'

---

[1] Plaintiffs' counsel represents that, in late October 2020, the parties had reached a settlement-in-principle, but any agreement had fallen through by early November. Aronauer Decl.

counsel if he would accept a late response" to Defendants' still pending RFAs. *Id.* ¶ 14. Defendants' counsel refused. *Id.* ¶ 15. After the Court held a conference on January 29, 2021, at which this and other issues were discussed, Plaintiffs moved for an extension to respond *nunc pro tunc* on February 14, 2021. Dkt. 57. The motion became fully briefed on March 10, 2021. *See* Dkt. 61.

Attached to Plaintiffs' motion are proposed responses to the RFAs for four of the nine Plaintiffs: Josefina Gomez Gonzalez, Edgar Fernando Velicela, Victor Manuel Disla, and Edgar Patricio Velicela. Aronauer Decl., Exh. J. It appears that three other Plaintiffs—John Jairo Velicela, Marco Tulio Saldanha, and Jose Armando Sambula—responded to the RFAs, but Plaintiffs' counsel failed to attach these proposed responses. *See* Aronauer Decl. ¶ 19; Dkt. 57-2. As for the other two Plaintiffs, Jose Gino Desouza and Eduardo Fernando Macancela Chedraui, Plaintiffs' counsel explains that they "did not sign the RFA responses [and] cannot be found." Aronauer Decl. ¶ 19. Plaintiffs' counsel further notes that he intends to request to withdraw as counsel for Jose Gino Desouza and Eduardo Fernando Macancela Chedraui. *See id.*

Under Rule 36(a)(1), "[a] party may serve on any other party a written request to admit . . . the truth of any matters" relating to "facts, the application of law to fact, or opinions about either." "A matter is deemed admitted 'unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection.'" *Coach, Inc. v. Horizon Trading USA Inc.*, 908 F. Supp. 2d 426, 431 (S.D.N.Y. 2012) (quoting Fed. R. Civ. P. 36(a)(3)). "A matter admitted under [Rule 36] is conclusively established unless the court, on

---

¶¶ 5, 9. Plaintiffs' counsel also acknowledges that, on November 2, 2020, Defendants' counsel conveyed his view that as they tried to finalize a settlement, they should continue with discovery. *Id.* ¶ 7; *see id.* Exh. C (Defendants' counsel writing that although the parties are trying to finalize a settlement, "we still have a timeline to complete discovery and have not entered into any agreement to stay discovery").

motion, permits the admission to be withdrawn or amended." Fed. R. Civ. P. 36(b).

As another judge in this Circuit has observed, it appears that "the standard for determining whether a party can avoid the stated consequences of failing to comply timely with a request for admissions has not been firmly established." *Jindan Wu v. Seoul Garden, Inc.*, No. 16 Civ. 3613 (ARR) (ST), 2018 WL 507315, at *6 (E.D.N.Y. Jan. 22, 2018) (internal quotation marks and citation omitted). That court determined that "some combination of the following factors is relevant: (1) whether allowing for the untimely responses would further the assessment of the merits of the case; (2) whether the opposing party would suffer prejudice; and (3) whether the response is untimely due to a lack of good faith." *Id.* at *7; *see also Conlon v. United States*, 474 F.3d 616, 621 (9th Cir. 2007) (noting that Rule 36 "permits the district court to exercise its discretion to grant relief from an admission made under Rule 36(a) only when (1) the presentation of the merits of the action will be subserved, and (2) the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits") (internal quotation marks and citations omitted).

Although Plaintiffs undoubtedly erred by failing to respond to the RFAs within thirty days or by requesting an extension from the Court before that time period expired, the Court grants Plaintiffs' request for an extension with respect to the seven Plaintiffs for whom counsel has submitted proposed responses. First, the RFAs here go to the heart of the wage-and-hour issues in this case. *See* Aronauer Decl., Exh. A. In them, Defendants ask Plaintiffs to admit *inter alia* that they "earned in excess [of] $600 per week," "did not work more than 40 [h]ours per week," and "to the extent [they] worked more than 40 hours in a week, [they] earned money equal to time and a half of the minimum wage for hours worked in excess of 40 hours a week." *Id.* at ¶¶ 11, 14-15. If admitted, these issues would essentially be dispositive as to liability in favor of Defendants. *See*

*River Light V, L.P. v. Lin & J Int'l, Inc.*, 299 F.R.D. 61, 64 (S.D.N.Y. 2014).

The Court also disagrees with Defendants' assertion that they will suffer "extensive prejudice" were the Court to grant the motion. Schrader Decl. ¶ 23. The cited prejudice appears to boil down to Defendants' need to conduct discovery that they hope to avoid through admissions of the RFAs. Defendants cite the need to depose individual Plaintiffs and to serve subpoenas on third parties, if the requested relief is granted. *Id.* ¶ 24. Were this a situation where Defendants would need to re-depose individual Plaintiffs or to re-issue subpoenas, the Court's analysis might be different. But here, the Court understands that depositions of individual Plaintiffs have not taken place and the relevant third-party subpoenas have not been served. *See id.* (arguing for prejudice because, if the instant motion is granted, Defendants "would have to depose every single plaintiff and would have to serve subpoenas to multiple potential non-parties to attempt to obtain information on these topics. Defendants relied upon these responses throughout discovery by not serving these subpoenas."). The prejudice cited by Defendants—conducting depositions of parties and serving non-party subpoenas—is the sort of the discovery that typically occurs in litigation pursuant to the FLSA and the NYLL. The Court, however, appreciates that conducting these depositions and serving these subpoenas would be difficult to accomplish with the current discovery deadline of April 17, 2021. The Court therefore also extends the discovery deadline to June 17, 2021, to allow the parties sufficient time to complete any additional discovery.

Further, the Court finds no reason to conclude that Plaintiffs engaged in bad faith. Plaintiffs' response to the RFAs were due October 29, 2020, and on December 11, 2020, Plaintiffs' counsel sought Defendants' consent to submit late responses. During the interim period, the parties apparently had reached a settlement-in-principle, which ultimately fell through. Plaintiffs also provided, at the time of filing the instant motion on February 14, 2021, proposed responses for four

of the Plaintiffs. Without question, Plaintiffs' reliance on ongoing settlement discussions to justify their failure to respond is flawed and troubling, but these actions were not as egregious as other cases in which courts concluded that requests for admission were deemed admitted. *See, e.g.*, *Coach, Inc.*, 908 F. Supp. 2d at 431-33.

Thus, the Court grants Plaintiffs' motion to allow late responses to the RFAs for the four Plaintiffs for whom counsel has submitted proposes responses: Josefina Gomez Gonzalez, Edgar Fernando Velicela, Victor Manuel Disla, and Edgar Patricio Velicela. For the remaining three Plaintiffs for whom counsel represented that he received responses, John Jairo Velicela, Marco Tulio Saldanha, and Jose Armando Sambula, Plaintiffs shall serve these on Defendants within three days of the filing of this Order or they will be deemed admitted. For the other two Plaintiffs, Jose Gino Desouza and Eduardo Fernando Macancela Chedraui, however, the Court denies the motion, as those Plaintiffs still have not responded to the RFAs, without any justification whatsoever, and tolerating their continued failure to do so is likely to result in prejudice. Accordingly, the RFAs as to Jose Gino Desouza and Eduardo Fernando Macancela Chedraui will be deemed admitted.

## Conclusion

Plaintiffs' motion to extend time *nunc pro tunc* to respond to the RFAs is granted in part and denied in part. Discovery shall be completed by June 17, 2021. The Clerk of Court is respectfully directed to terminate the motion pending at Docket Number 57.

SO ORDERED.

Dated: March 29, 2021
      New York, New York

                                      JOHN P. CRONAN
                                 United States District Judge